Charles D. Marshall (State Bar No. 236444)
**MARSHALL LAW FIRM**
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for RODNEY MCBRIDE
and TRULISA MCBRIDE

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MCBRIDE and TRULISA MCBRIDE, as individuals,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DELAWARE SOLUTIONS, LLC, a New York limited liability company,<br><br>    Defendant. | Case No.  2:15-cv-1222-MCE-KJN<br><br>**DECLARATION OF CHARLES D. MARSHALL IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT**<br><br>Hearing Date: October 8, 2015<br>Time: 10:00 a.m.<br>Location: 8th Floor, Courtroom 25<br>Judge. Hon. Kendall J. Newman |

I, Charles D. Marshall , declare:

1. I am the owner of the Marshall Law Firm, counsel for Plaintiffs Rodney and Trulisa McBride in this matter against Delaware Solutions, LLC ("Delaware"). I am an attorney duly admitted to practice law before all courts of the State of California, and submit this declaration in support of Plaintiff's request for attorney's fees and expenses made in Plaintiffs' motion for entry of a default judgment.

2. I have personal knowledge of the information contained in this declaration and could testify to such if called to do so. I submit this declaration in support of Plaintiffs' Motion for Default Judgment and Plaintiffs' attorneys' fees and costs.

## **Case History**

3. I am a solo practitioner and personally handled Plaintiffs' case from beginning to end.

4. The complaint in this matter was filed on June 8, 2015.  [Dkt. Nos. 1].

5. I caused Defendant Delaware Solutions, LLC to be served with the Civil Cover Sheet, Summons, Complaint,  Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Appeal Instructions, Notice of Availability—Voluntary Dispute Resolution, and  Order Requiring Joint Status Report pursuant to Rule 4(c) of the Federal Rules of Civil Procedure on June 22, 2015. [*See*, Dkt. No. 5].

6. The deadline for Defendant's response to the Complaint expired on July 13, 2015.

7. Defendant failed to plead or otherwise respond to the complaint or appear in any manner, despite the expiration of the deadline to respond to the Complaint.

8. On August 6, 2015, I requested, and this Court entered, a default against Defendant Delaware Solutions, LLC for failure to plead to or otherwise defend against the complaint after being properly served. [Dkt. Nos. 7-9].

9. Defendant is not a minor or an incompetent person.

10. Defendant is a legal entity, specifically a limited liability company, and thus not a member of the military service.

11. Defendant is not an officer or agency of the United States.

12. Defendant is not a foreign state or a political subdivision, agency, or instrumentality of a foreign state.

**Counsel's Experience In Support Of Attorney's Fees Request**

13. I practice law full time as a private consumer rights plaintiff's attorney as the sole attorney with the Marshall Law Firm.

14. I am a recognized member of the consumer rights and class action bar and have 17 years of experience in both individual consumer rights cases, as well as large, complex class consumer class actions. My firm's resume, which includes my professional biography, is attached hereto as Exhibit 1.

15. I am admitted to practice law in the States of California and Illinois, all U.S. District Courts in those states, as well as the Seventh, Eighth, Ninth and Eleventh Circuit Courts of Appeals.

16. I performed the following professional services for the benefit of the Plaintiffs' during this litigation:

    a. After I was first contacted by Plaintiffs about the Delaware's collection activities, I conducted extensive factual and legal investigations into the nature of the Plaintiff's Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act claims; I obtained documents and information from Plaintiffs, as well as performed general research as to the collection practices of Delaware to develop a context for Delaware's tactics. Ultimately, this investigation led to my drafting and mailing of a demand letter to Delaware on April 30, 2015, which return receipt indicated was received by Delaware via its registered agent on May 4, 2015. Delaware did not respond to the demand letter within the requested 30 days, so I drafted and filed the complaint in on June 8, 2015.

    b. While the registered agent listed for Delaware with the New York Secretary of State accepted the April 30, 2015 demand letter, that same agent refused service of the complaint, claiming he was no longer were authorized to accept service on behalf of Delaware. Afterward, I conducted further research to determine the business address of Delaware so service

4

could be made as stated above. Delaware did not respond to the complaint, and indeed further research indicates that Delaware is now listed as "dissolved" on the New York Secretary of State website.

c. After sufficient time had passed without a responsive pleading or appearance from Delaware, I drafted and submitted a request for entry of default and, subsequently, drafted the motion package now before the court seeking entry of a default judgment.

17. In connection with these activities, I spent at least 9.4 hours of professional time, representing a lodestar of $4,700.00 using my current hourly rate. This work was performed on a wholly contingent basis. I exercised reasonable billing judgment and reduced this amount by 1.1 hours equaling $550.00 in lodestar expended attempting to locate Defendant after its registered agent refused service of the complaint. The result is that my *requested* lodestar is $4,150.00, representing 8.3 hours of work. This matter was managed efficiently, and the fee request represents a fair and reasonable award.

18. As a solo practitioner, I am the only attorney who performed work on this matter for the Plaintiff and Class. My hourly rate is $500 per hour, and the hours listed above are presented from contemporaneous, daily time records regularly prepared and maintained by me, which are available at the request of the Court. I have personally reviewed these records for accuracy and to ensure that the professional time therein was reasonably expended for the benefit of the class. In addition, I have expended approximately 1 hour on

tasks related to Plaintiff's motion for attorney's fees, which time is not included in any of the lodestar total provided above.

19. Based on my experience with other consumer rights matters—which is detailed in my firm's resume attached as Exhibit 1 to this declaration—I believe the time I expended in connection with this litigation is reasonable in amount and necessary to ensure the success of this case.

20. My customary hourly rate—which is $500—is consistent with the prevailing rates in this District and was most recently approved in the Northern District of California in *Davis v. VISA, Inc.,* Case No. 3:13-cv-5125-CRB on April 25, 2015. Previously, my hourly rate had been $450 per hour, which had been approved in the Northern District of California in *In re: Chase Bank, USA, N.A. "Check Loan" Contract Litigation,* Case No. 3:09-md-2032 MMC (JSC) ("Check Loan Case") on November 19, 2012.

21. I set my hourly rate according to the prevailing market rates, bill my hourly paying clients that same rate, and am routinely awarded fees according to that rate. I primarily represent clients on a contingent fee basis, both in class and individual cases. However, I also represent clients on an hourly basis and am paid the same rate in those matters.

22. In addition to expending professional time, my firm also incurred $739.90 in unreimbursed out-of-pocket expenses litigating this case. The expenses break down as follows: (1) filing fees—$400 and (2) service of process fees—$339.90. The actual expenses incurred in the prosecution of this case are reflected on the computerized accounting records

6

of my law office. The accounting records are prepared by me from receipts and check records and accurately reflect all actual expenses incurred. I do not mark up any expense. Upon request, we will provide the Court with copies of documentation for each of these items.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 28, 2015, at Danville, CA.

                                          _/s/ Charles D. Marshall_____
                                          Charles D. Marshall

# Ex. 1



2121 N. California Blvd., Suite 290
Walnut Creek, CA 94596

---

## FIRM RESUME

**Litigation Approach**

The Marshall Law Firm's business strategy is to aggressively develop and pursue opportunities in the field of class action and individual consumer protection litigation. Chuck Marshall has over 16 years of experience in class action and consumer protection litigation and has represented client both the plaintiff and defense side. The Firm relies heavily on high speed scanning and paperless distribution through its computer system to generate efficiencies in legal research and drafting, time-keeping, financial control and planning.

The Firm's class action practice involves claims relating to violations of consumer protection laws, truth in lending legislation, financial services, accounting malpractice, breach of fiduciary duties of corporate officers and directors, and products liability.

The aggressive, result-oriented approach to client representation applied by Chuck Marshall has been demonstrated in the following litigation:

*Davis v. VISA, Inc.*: Chuck Marshall was appointed class counsel in this national class action alleging that VISA breached cardholder agreements by excluding Zipcar rentals from its rental car damage collision waiver ("CDW") benefit. In March 2015, Mr. Marshall obtained relief for the class consisting of 100% of class members' economic loss, as well as a change to VISA's CDW benefit policy which required VISA to accept Zipcar claims under the benefit agreement as written at the time of the suit.

*In re: Chase Bank USA, N.A. "Check Loan" Contract Litigation*: As shareholder at Green Welling LLP, Chuck Marshall was appointed to the Executive Committee for this multidistrict litigation asserting breach of contract claims on behalf of over 1 million credit card holders. *See In re:* The parties agreed to a nationwide settlement of the action for $100 million.

*Maher v. Audi of America*. Chuck Marshall was appointed Class Counsel and led this nationwide class action alleging a defect in the Audi TT instrument cluster. The defect was alleged to cause various safety issues such as inaccurate gas-gauge readings and even the complete, unexpected shutdown of the car. In June of 2008, Mr. Marshall secured final approval of a settlement requiring Audi to extend the warranties on the vehicle and

to refund to all class members all amounts expended to repair the alleged defect--often, in excess of $1000 for each class member.

*Brothers v. Hewlett-Packard.* In this case Chuck Marshall served as co-class counsel and secured speedy relief for owners nationwide of certain HP laptop computers that were alleged to contain a defect associated with an advanced graphics card. Consumers received a free new motherboard and a refund of 100% of expenses associated with a repair of the alleged defect.

*Parkinson v. Hyundai Motor America*: Chuck Marshall represented consumers in a nationwide action involving the 2003 Hyundai Tiburon. The complaint alleged that though Hyundai knew the vehicles' flywheel and clutch parts failed prematurely, it sold the vehicles without telling customers and later refused to cover repairs under warranty. The court approved a settlement of the matter which provided cash reimbursements to class members for money spent on clutch repairs or replacements, as well as entitling class members to free replacement of the defective flywheel parts.

*In re: Textainer Partnership Securities Litigation.* Chuck Marshall served as Co-Lead Trial Counsel in these consolidated cases. The cases settled for $10 million after Plaintiffs' obtained a ruling in their favor at the conclusion of Phase 1 of the trial in San Francisco Superior Court. The Plaintiffs asserted breach of fiduciary duty claims in connection with sale of assets transaction that resulted in the dissolution of six limited partnerships.

*Pileggi v. Wells Fargo. N.A.*: On the defense side, as special counsel at Severson & Werson, Chuck Marshall successfully defended a putative national class action brought against Wells Fargo, N.A. based on purported violations of the Equal Credit Opportunity Act by obtaining a denial of plaintiff's class certification brief.

**Attorney Background and Experience**

**Chuck Marshall** has practiced extensively in the fields of complex and class action litigation since 1998. He graduated from Loyola University Chicago School of Law in 1998, and received an ABEd. from the University of Michigan in 1994. Mr. Marshall represents consumers victimized by a wide range of corporate, banking and credit schemes, consumers who fall prey to credit reporting errors and consumers of defective products. He also represented financial services institutions defending against class actions and complex litigation as Special Counsel to Severson & Werson, P.C. Mr. Marshall is an active member of the National Association of Consumer Advocates (NACA) and is licensed to practice law in Illinois and California.